May it please the Court, my name is Laura Crank. I'm here on behalf of the Appellant Lorenzo Hill. Lorenzo Hill is appealing his denial of Supplemental Security Income because the Commissioner's decision is not supported by substantial evidence. The issues in this case are whether the LJ failed to satisfy a Step 5 burden of identifying jobs that Mr. Hill could perform consistent with his residual functional capacity, and also whether the LJ failed to propound a complete hypothetical to the vocational expert. The LJ failed to identify any jobs at Step 5 because Mr. Hill is limited to performing simple one and two step instructions. This is a Reasoning Level 1 job. All the jobs identified by He had a Reasoning Level 2 job before as Kitchen Assistant, wasn't he? In the past, he performed the job of a Kitchen Helper, which is a Reasoning Level 2 job. And he didn't, I mean, he discontinued that job for physical reasons, not because he didn't have the reasoning capacity. Let me just, I'm clear on that. Well, the record is not really developed in regards to exactly what his past job entailed. DOT describes it as It was a Reasoning Level 2 job. It was a Reasoning Level 2 job. And as I understand it, the reason he's no longer in that job has to do with his physical abilities, not his mental abilities. Yes, but, well, no, now it would be his mental, his mental problem. But the reason he, in fact, left that job at the time had to do with his physical abilities. From what, from what I know, but he is suffering, now he's suffering from mental impairment. But, but that's a fact in the record. So he has the mental ability at the time. He doesn't discontinue the job because of mental problems. Why can't the IJ, or the ALJ rather, draw the inference that he still has mental capacity for a Level 2 job? Well, the Court might take additional notice that that job was, it was one job and it was performed for which could be in the same class as Salvation Army, and we don't really know if that job was performed with accommodations or whether it was performed with limited skills or special accommodations for him. Plus, the record's not, doesn't say whether Mr. Hill was suffering from the mental impairments that he's suffering from now, which limited him to Reasoning Level jobs. The consultative examiner specifically limited him and the program physician specifically limited Mr. Hill to Reasoning Level 1 jobs or to a moderate limitation in detail jobs because of his antisocial personality traits, not because of his IQ. Well, the magistrate judge says, tell me where this goes wrong. Planoff contends that these unskilled jobs require a reasoning level that is beyond his capability. However, there is no evidence, you might be able to address that, that Planoff's mental impairment precludes him from carrying out performed detailed tasks. The evidence on the record establishes that Planoff has a high school education, that his last job as a kitchen helper required the same reasoning as Level 2. The VE confirmed that the only restrictions based on, that only restrictions based on environmental conditions prevented Planoff from being able to perform his previous work. Therefore, there's no evidence that Planoff was unable to perform unskilled work at the Reasoning Level 2. Right? Wrong? Well, that's wrong because the uncontroverted medical evidence in the record, the opinion of the consultative examiner and the opinion of the program physician, both assess him with a limitation to a moderate limitation in performing detailed work and Dr. Mickelson, the consultative examiner, limits him to simple 1 and 2 step instructions. And that was based on testing and his interaction with Mr. Hill. So there is evidence in the record. In fact, it's uncontroverted evidence. I'm bouncing that off on you for the, off you for the other side to address and see what they're saying. I'm sorry. Do you have anything else? No, I don't. Okay. Thank you. We'll hear from the government. Thank you. Your Honor, my name is Jean Turk. I represent the appellee in this case, Joanne Barnhart, for the Social Security Administration. I'd like to address initially plaintiff's argument about the reasoning level 1 and 2. The vocational experts identified unskilled work. The unskilled work was SVP 2. This corresponds to the SSA regulations for unskilled work, which is work that can be done with a short demonstration and within 30 days. A plaintiff would like to say that reasoning level 1 is unskilled and reasoning level 2 is something else. But I say that this is an old conjurer's trick. An old conjurer? Conjurer's trick. The trick is over. The conjurer is old. She's trying to get you to focus on something while something else is going on to make you believe what she wants you to see and see what she wants you to see. She still thinks you're talking about him. But we're talking about, she's trying to focus you on the word detailed, but actually reasoning level 2 is a phrase, detailed but uninvolved. We don't need to look at some kind of speculative theory of what reasoning level 2 is. A vocational expert told us what it is. But the vocational expert was not put a certain fact into his determination. He was not asked to consider whether the whether Mr. Hill had mild difficulties in maintaining concentration, persistence and pace in determining whether he could do simple tasks. Aren't we bound to remand this to, for further proceedings, to have the vocational expert put all the limitations that the applicant had? Your Honor, I would say that mild limitations in concentration, persistence and pace would not affect the ability to perform unskilled work. Again, the SVP2 level is unskilled work. The reasoning level 2 talks about detailed but uninvolved work. And what are our examples of that? For example, a packager, someone who packages unassembled furniture. You have parts. The vocational experts found that he was able to do assembler, packager and parts inspector work, right? Yes, Your Honor. Now, don't you think that he should, before he goes into that conclusion, he should be told, consider as an additional fact that he has difficulties in maintaining concentration, persistence and pace when you're doing parts inspection, packaging and assembler work? Don't you have to have concentration, persistence and pace? You do. And I contend that the appellant does have that level to concentrate. Dr. Mitchelson, the consultative examiner, which again is the only real evidence that we have in terms of what plaintiff's mental impairment was because plaintiff did not receive treatment or provide any records. The non-examining physician's opinion is based solely on Dr. Mitchelson's, the examining physician's opinion. Dr. Mitchelson said he had adequate concentration and that he could perform tasks and complete work days. Again, I think it was the time where the finding that he had mild difficulties in maintaining concentration, persistence and pace come from other than Dr. Mickelson. Dr. Greggs, the ALJ. That's the ALJ found that as part of his severity determination under the regulations where we look at the four broad categories. And in that category, the ALJ did find that plaintiff had mild limitations in those areas. But that is not an RFC. The ALJ's residual having found that the question is, should not the vocational expert have been given that as a factual assumption before developing his opinion? Under some cases, including Embry v. Bowen, don't all limitations have to be put to the vocational expert before the vocational expert can be considered? The limitations that are supported by substantial evidence in the record. The ALJ. Supported by substantial evidence. The ALJ found it. The ALJ in the RFC limited plaintiff to simple work, Your Honor. And I contend that simple work is the same as mild limitations and concentration, persistence and pace. Do you have a case that says so? Simple work allows mild difficulties in maintaining concentration, persistence and pace? Just our regulations that define basic work activity and unskilled work. And how do they define it? I'm sorry, Your Honor? And how do they define them? Define unskilled work. Unskilled work is work that can be learned with a very short demonstration or within 30 days. The basic work activities include simple judgment, ability to make simple judgments, and I'm a little lost on the definition, Your Honor. What do you want us to look at in Dr. Michelson's report, the functional assessment? Page 177, Your Honor. The functional assessment. The last two paragraphs, Your Honor. The claimant is able to understand, remember and carry out simple one and two-step instructions. He is capable of performing technical or complicated instructions. The claimant appears capable of concentrating adequately to maintain a regular work schedule. And then he talks about the social problems, poor coping skills, et cetera. Yes, Your Honor. That's the part to which you point. Yes. And, again, I would like to say that a reasoning level appellant would have you believe that reasoning level one is unskilled and reasoning level two is something else. But it is not. It is unskilled work. And, again, we don't have to look at theories. We can look at the actual evidence that's presented. As I started to say, someone who packages furniture parts, you have parts A, B, C, D, E, and F. You have nuts and bolts, A, A, B, B, C, C. It's detailed, but it's uninvolved. You have your sandwich makers who have three different kinds of bread, six or seven ingredients, plus a secret sauce. Again, that's not an example used by the vocational expert, but also has a reasoning level two, detailed but uninvolved. The best example, of course, is plaintiff's former work as a dishwasher. Again, dishwashing is detailed but uninvolved. How you wash a cup or a saucer is different than how you wash a pot or a pan, but yet it's still unskilled work. And the reasoning level, again, has nothing to do with it. And, actually, appellant has not given us any authority for her speculative theory. Okay. Thank you. Thank you, Your Honor. I have one other question. The ALJ seemed to disdain Dr. Gregg's opinion that Mr. Hill had difficulty interacting with co-workers, and that limitation was also not put to the vocational expert before he rendered his opinion. Do you consider that to be significant? Your Honor, what I believe happened was that the ALJ looked at those limitations in social functioning, looked at Dr. Mitchelson's comment about might have difficulty with co-workers, the public, and supervisors. He did ask the vocational expert about contact with the public and co-workers. When you have a job, you're definitely going to have co-workers. However, not every job requires you to deal with the public. So I believe that, and, of course, you're going to have a supervisor. So I believe that the ALJ did not find that to be a significant, have a significant It was not whether the ALJ found it significant, but should the vocational expert have been asked that question, in other words, to assume that fact, in arriving at his opinion? I mean, we have two instances here of the vocational expert not being given a sufficient foundation under the law on which to make an opinion. Your Honor, again, the ALJ presented, was only obligated to present the vocational expert with evidence that was supported by the record. Didn't Dr. Griggs find that he had difficulty interacting with co-workers? I'm sorry, Your Honor. Didn't Dr. Griggs find that he had difficulty interacting with his co-workers? Dr. Griggs was a non-examining physician. He had no clinical observation of the appellant, and he only looked at Dr. Mitchelson's report for his opinion. So you can disdain Dr. Griggs' opinion? The ALJ, under our regulations, was not required to give it as much weight as Dr. Mitchelson's report. However, even if he agreed with everything, even if the ALJ agreed with everything that Dr. Griggs said, he could still defer to Dr. Mitchelson's report. And Dr. Mitchelson said might have difficulty in those areas, and the district court also pointed out that that was ambiguous, and that the ALJ could determine conflicts in the evidence and ambiguities. I think the ALJ chose to include in the RFC a prohibition against dealing with the public, simply because of the appellant's criminal background and his disdain for authority and his lack of patience. Again, in a work setting, there is some control with the employees and the supervisors, so the fact that he might have some limitations in that area would not create a significant impact on his ability to work. Okay, thank you. Thank you, Your Honor. Do you have any rebuttal? Please stand. Thank you. We are not contending that Reasoning Level 1 is unskilled work and Reasoning Level 2 is some other type. We concede that unskilled work encompasses Reasoning Level 1 and Reasoning Level 2, and if the consultative examiner had limited him to unskilled work, we wouldn't be having this argument. However, he specifically limited him to simple one- and two-step commands. Also, the program physician, Dr. Gregg, assessed a moderate limitation in detailed work. So if the ALJ had said, I want you to assume an individual with a moderate limitation in detailed work, this still possibly could have come up with an answer that would be consistent with the ability to do detailed work, except for with a moderate limitation, and the vocational expert might have been able to identify jobs, but we don't know because the question was not asked. I'm looking at the record, page 55, question. In Exhibit 5F, Mr. Langston, I have a first hypothetical of a medium RFC and a need for simple work with no public contact and little co-worker contact. Would it be possible for a similar circumstance individual to perform the work of a kitchen helper under those circumstances? Is there a defect in that? He should have said simple one and two, because it appears that the vocational expert misunderstood simple to just mean unskilled, and we know that it was relevant because the jobs that he identified are inconsistent with the limitations assessed by the state agency and the consultative examiner. So you're telling me that simple work with no public contact and little co-worker contact somehow is deficient. It's deficient because... With a medium RFC, residual functional capacity. It's deficient because a person needs a reasoning level two in order to perform that job and a limitation of simple one and two... To perform the job of kitchen helper. ...according to the DOT. And if the vocational expert wanted to deviate from the DOT, he needed to articulate his reasons why. I'm sorry. And what is it that establishes he does not have reasoning level two? The uncontroverted medical evidence from the consultative examiner and the state agency physician who is trained to evaluate the record as a whole... This is Dr. Mickelson? This is Dr. Gray. It could be argued that Dr. Mickelson actually assessed more severe limitations than Dr. Gray because Dr. Mickelson specifically said simple one and two. Dr. Gray was not an examining physician, right? Dr. Mickelson was the examining physician. Dr. Gray was not. Dr. Gray was not. I'm sorry. And the LJ is entitled to discount on non-examining physicians. He is entitled to, but if he's going to, he needs to give reasons why. And in this case, there's no indication that he was aware that he was even aware that a limitation had relevance. I'd also like to address the commissioner's argument that the LJ has the discretion to resolve... Was this brought to the LJ's attention at the time? Was what? If your view is that the LJ should have been aware of this limitation because Dr. Gray, who is a non-examining physician, included it and the LJ needed to take it into account, was your client represented before the LJ? Yes, he was, Your Honor, but this is a step five determination. Mr. Hill had already satisfied his burden by not being able to perform his past work. Therefore, he created the presumption that he's disabled. You didn't let me ask my question. My question is, given that he was represented and you're saying now the ALJ should have built this into the question, I'm asking you, was this suggested to the ALJ at the time? Would anybody say, Judge, you left out this condition that, again, is arguable. Dr. Gray seems to suggest that he's a non-examining physician. Did the lawyer for your client – were you the lawyer? No, Your Honor. Did the lawyer bring this to the judge's attention at the time? No, he did not, Your Honor. But as we contend, it's the judge's – A, it's the judge's burden at step five. It's the commissioner's burden. And also, I don't think that it's that much of a burden to have, instead of paraphrasing the limitations assessed by the consultative examiner, he just says simple one and two. The problem we have is that you have a – what you read is a limitation that's in a report of a non-treating physician, which an ALJ can accept, cannot accept. I mean, can choose not to accept. I mean, you said that. You say, well, he has to explain why he's not accepting it. And that's why it becomes significant whether or not – I mean, if it's one of those things that has to be included no matter what, then maybe there's no need to make an issue of it. But if it is discretionary, the judge doesn't raise it, the lawyer does not bring it to the judge's attention and say, wait a minute, you forgot this. The judge can say, no, I'm exercising my discretion. Then all we have is a record that's silent as to why the judge did what he did. One explanation is that he exercised his discretion not to include that limitation. Yes, but if he wants to not include – especially uncontroverted limitations, he needs to say why. He needs to say why. And if he said whatever the reasons that he wanted to provide, then we would be discussing whether those were supported by substantial evidence. It's his burden. Even limitations that he has discretion to exclude, that are in a report of a non-treating physician that he can choose not to believe? Well, that still wouldn't explain his – Actually, the commissioner has argued that the state agency's limitations are consistent with and were based on the opinion of Dr. Mickelson. So I don't really think there's that much of a difference between the two opinions. The ALJ failed to provide reasons to reject either one of their limitations, especially the limitations in respect to interacting with supervisors. And the commissioner argued that the ALJ had discretion because it was ambiguous because Dr. Mickelson said that he might have. However, when the ALJ summarized Dr. Mickelson's opinion in the record, he said that he believed that Dr. Mickelson's opinion meant that he would have these problems. So if the ALJ believed that Dr. Mickelson thought that Mr. Hill would have these problems interacting with supervisors, then he either had to provide reasons for rejecting it, clear and convincing in this case because they're uncontroverted, or he had to give those limitations to the vocational expert and let the vocational expert decide whether there were jobs existing in sufficient numbers in the economy that this person could perform consistent with those limitations. And no objection was necessary in your view? Pardon? No objection was necessary. Counsel did not need to object to this, did not have raised this issue at all? Not at step five. The burden is on they. He has already satisfied his burden at step four. Okay. Thank you. I have one question. Is dishwasher a level two reasoning job? Kitchen helper is a reasoning two. Which is what he was doing. And that was his last job. Yes. Working for Meals on Wheels. He stopped doing that, wasn't because of mental problems, but because of physical condition. Yes, but he has mental problems now. Doesn't that suggest that he is capable of a level two reasoning job? In addition to his having completed high school? Without mental limitations, he was capable of performing that specific job. But now he has mental limitations that he did not have then. And there's evidence that they arose since his last job? That the mental limitations arose since his last job? There's no evidence that he had those mental limitations while he was performing his last job. That's not the question I asked. I'm sorry. The question I asked, is there evidence that those mental limitations arose recently, that they arose since his last job? I don't know, Your Honor. All I know is that the constitutive examiner did not assess the limitations based on his education. He based it on the problems he would have due to his antisocial personality traits. He has now been diagnosed with having antisocial personality disorder. I'm sorry? He has now been diagnosed with having antisocial personality disorder, which had not been diagnosed earlier. Correct? Not that I'm aware of, Your Honor. But he was not diagnosed with developing this recently? Pardon? He was not diagnosed with having developed this recently? I don't know, Your Honor. Okay. Thank you. Case resolved. You will stand submitted. Thank you.
judges: Kozinski, Trott, Bea